1

2

3

4

5

6

7                              IN THE UNITED STATES DISTRICT COURT

8                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   JANELLE CRONK,                              No. C 13-3245 MMC

11              Plaintiff,

12        v.                                     **ORDER GRANTING DEFENDANT'S**
                                                 **MOTION TO DISMISS IN PART**
13   RECKITT BENCKISER                           **PLAINTIFF'S AMENDED COMPLAINT**
     PHARMACEUTICALS, INC.,
14
                Defendant.
15
                                           /
16   _____

17

18        Before the Court is defendant's motion, filed September 27, 2013, to dismiss from

19   plaintiff's First Amended Complaint ("FAC") the Seventh Cause of Action, alleging a claim

20   of Constructive Termination in Violation of Public Policy, as well as any other cause of

21   action to the extent such claim relies on a theory of constructive discharge.  Plaintiff has

22   filed opposition, to which defendant has replied.  Having read and considered the papers

23   filed in support of and in opposition to the motion, the Court hereby rules as follows.[1]

24        By order filed August 26, 2013, the Court dismissed plaintiff's Seventh Cause of

25   Action, as well as her First through Sixth Causes of Action to the extent they were based on

26   a theory of constructive discharge, for the reason that plaintiff's allegations did not rise to

27   the level of coercion required to state a claim for constructive termination.  See Turner v.

28        _____

          [1] By order filed October 30, 2013, the Court deemed the matter suitable for decision
     on the parties' written submissions and vacated the hearing set for November 1, 2013.

United States District Court

For the Northern District of California

1   Anheuser-Busch, Inc., 7 Cal. 4th 1238, 1246, 1251 (1994) (holding, for constructive

2   discharge, "employee must plead and prove . . . that the employer either intentionally

3   created or knowingly permitted working conditions that were so intolerable or aggravated at

4   the time of the employee's resignation that a reasonable employer would realize that a

5   reasonable person in the employee's position would be compelled to resign"; noting "proper

6   focus is on whether the resignation was coerced"); Poland v. Chertoff, 494 F.3d 1174, 1184

7   (holding constructive discharge exists where "working conditions become so intolerable that

8   a reasonable person in the employee's position would have felt compelled to resign")

9   (internal quotation and citation omitted).

10      In her FAC, plaintiff includes the following new allegations: (1) another employee quit

11   after being placed on a performance improvement plan ("PIP"), and plaintiff was assigned

12   to cover his territory (see FAC ¶ 9); (2) plaintiff learned of her receipt of only an "adequate"

13   rating, and her manager's objection thereto, while she was on pregnancy disability leave,

14   which caused her "significant stress" (see id. ¶ 13); (3) plaintiff was told that another

15   employee received a PIP upon returning to work after an approved medical leave, which

16   "made plaintiff feel worse" (see id. ¶ 16); (4) plaintiff's new manager was aware that "the

17   stress of the situation exacerbated her psoriasis" (see id. ¶¶ 17-18); (5) plaintiff considered

18   the goal set forth in her revised PIP to be "impossible" (see id. ¶ 22); and (6) plaintiff "felt"

19   her supervisor "wanted her to quit" (see id. ¶ 23).  The Court finds plaintiff's additional

20   allegations, which go primarily to plaintiff's subjective state of mind, fail to cure the

21   deficiency identified in the Court's prior order, specifically, the failure to allege working

22   conditions sufficiently aggravated in nature to meet the standard for constructive discharge

23   as discussed in the relevant authority.  (See Order Granting Defendant's Motion to Dismiss,

24   filed Aug. 26, 2013, at 1–5.)

25      Accordingly, defendant's motion to dismiss is hereby GRANTED, and plaintiff's

26   Seventh Cause of Action, as well as plaintiff's First through Sixth Causes of Action to the

27   extent such additional causes of action are based on a theory of constructive discharge,

28

1   are hereby DISMISSED without further leave to amend.

2        **IT IS SO ORDERED.**

3

4   Dated: December 3, 2013

                                  MAXINE M. CHESNEY
                                  United States District Judge